UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          Docket #
-------------------------------------------------------X
JOY THOMAS, as Administrator of the Estate of
JONATHAN THOMAS,

                          Plaintiff(s)

                                                      **COMPLAINT &**
          v.                                          **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
ANDRE BLAKE, Shield # 27155,
75th Precinct,
NEW YORK CITY POLICE SERGEANT
DAMON MARTIN, Shield #4173
75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 75th Precinct,
                          Defendant(s).
-------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, JOY THOMAS as the Administrator of the Estate of Plaintiff JONATHAN THOMAS (deceased), seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff (deceased) JONATHAN THOMAS' Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred

and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff(s) further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff(s) demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff JOY THOMAS, the Administrator of the Estate of Plaintiff JONATHAN THOMAS (deceased), having been appointed Administrator pf the Estate of JONATHAN THOMAS by Order of the Surrogates Court of the State of New York on December 15, 2015 under File Number 2015-3842, is a United States Citizen and resident of the United States, and at all times relevant herein was a resident of the State and City of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER ANDRE BLAKE, Shield # 27155, NEW YORK CITY POLICE SERGEANT DAMON MARTIN, Shield # 4173, and NEW YORK CITY POLICE OFFICER JOHN DOE, upon information and belief all of the 75th Precinct, are

and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER ANDRE BLAKE, NEW YORK CITY POLICE SERGEANT DAMON MARTIN and NEW YORK CITY POLICE OFFICER JOHN DOE are sued individually and in their official capacity. At all times relevant Defendants, NEW YORK CITY POLICE OFFICER ANDRE BLAKE, NEW YORK CITY POLICE SERGEANT DAMON MARTIN and NEW YORK CITY POLICE OFFICER JOHN DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE OFFICER ANDRE BLAKE, NEW YORK CITY POLICE SERGEANT DAMON MARTIN and NEW YORK CITY POLICE OFFICER JOHN DOE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police

Department and the employment and training of Police Officers as said risk attaches to the public consumers of the services provided by Defendant CITY OF NEW YORK through THE NEW YORK CITY POLICE DEPARTMENT.

11. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

### STATEMENT OF FACTS

12. On June 24, 2012 at approximately 5:00 p.m. Plaintiff (deceased) JONATHAN THOMAS was walking in the vicinity of Atlantic Avenue and Essex Street in Kings County on his way to a nearby shoe store called Jay Sports, located in the vicinity of Cleveland and Fulton Streets. Plaintiff JONATHAN THOMAS had just finished speaking with a neighborhood acquaintance and was walking alone when he was approached by named Defendant, NEW YORK CITY POLICE OFFICER ANDRE BLAKE, and NEW YORK CITY POLICE OFFICER JOHN DOE, described herein as a male Hispanic, both of whom were in uniform. The aforementioned Defendant Officers, who exited a marked New York City Police Department vehicle, ordered Plaintiff JONATHAN THOMAS to stop and Defendant Officer DOE stated to Plaintiff JONATHAN THOMAS in sum and substance: "put your hands where I can see". Plaintiff JONATHAN THOMAS was then physically pushed against a wall and handcuffed by Defendant OFFICER BLAKE and Defendant OFFICER DOE.

–4–

Plaintiff JONATHAN THOMAS was then physically searched by Defendant OFFICER BLAKE and Defendant OFFICER DOE. Plaintiff JONATHAN THOMAS then observed Defendant OFFICER BLAKE go and arrest the woman Plaintiff JONATHAN THOMAS had been speaking with prior to being placed under arrest by Defendant OFFICER DOE and Defendant OFFICER BLAKE. Plaintiff JONATHAN THOMAS was subsequently transported to the 75th Precinct by Defendants OFFICER BLAKE and OFFICER DOE. At the 75th Precinct Plaintiff JONATHAN THOMAS was subjected to another search of his person by member of THE NEW YORK CITY POLICE DEPARTMENT. Plaintiff JONATHAN THOMAS was subsequently transported to Central Booking where he was subjected to a third search of his person, photographed and fingerprinted by members of THE NEW YORK CITY POLICE DEPARTMENT. Plaintiff JONATHAN THOMAS was charged and subsequently arraigned upon a Criminal Court Felony Complaint drafted by members of the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, charging Plaintiff JONATHAN THOMAS with Criminal Sale of a Controlled Substance in the Third Degree (NY Penal Law Section 220.39) based upon false and untrue information provided by Defendant OFFICER BLAKE and named Defendant, NEW YORK CITY POLICE SERGEANT MARTIN. As a result of these false allegations contained in the felony complaint, bail was set on Plaintiff JONATHAN THOMAS at his arraignment in the amount of $5,000.00, which Plaintiff Administrator JOY THOMAS and

–5–

Plaintiff (deceased) JONATHAN THOMAS were unable to post.  Plaintiff JONATHAN THOMAS remained in custody upon the false allegations levied against Plaintiff JONATHAN THOMAS by named Defendants, NEW YORK CITY POLICE OFFICER ANDRE BLAKE and NEW YORK CITY POLICE SERGEANT DAMON MARTIN until June 29, 2012, when the Grand Jury of Kings County dismissed all the charges against Plaintiff JONATHAN THOMAS after he testified in the Grand Jury.  During Plaintiff JONATHAN THOMAS' period of incarceration Plaintiff JONATHAN THOMAS was required to endure daily searches of his person by members of the NEW YORK CITY DEPARTMENT OF CORRECTIONS, a municipal agency of Defendant CITY OF NEW YORK and to suffer extreme emotional upset during the period of incarceration upon the false allegations levied and made by named Defendant(s) NEW YORK CITY POLICE OFFICER BLAKE and NEW YORK CITY POLICE SERGEANT MARTIN.

## FIRST FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest

13.  Plaintiff(s) incorporate by reference the allegations set forth in paragraphs One (1) through Twelve (12) as if fully set forth herein.

14. Upon information and belief, on June 24, 2012 the conduct of Defendant NEW YORK CITY POLICE OFFICER ANDRE BLAKE acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting Plaintiff (deceased) JONATHAN THOMAS without

probable cause.

15. That the actions of Defendant NEW YORK CITY POLICE OFFICER ANDRE BLAKE, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff (deceased) JONATHAN THOMAS, and Plaintiff JOY THOMAS.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest

16. Plaintiff(s) incorporate by reference the allegations set forth in paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. That upon information and belief, on June 24, 2012 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully arresting Plaintiff (deceased) JONATHAN THOMAS without probable cause.

18. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff (deceased) JONATHAN THOMAS and Plaintiff JOY THOMAS.

## THIRD FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution-Malicious Prosecution and Due Process Violations**

19. Plaintiff(s) incorporate by reference the allegations set forth in Paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. That upon information and belief, on June 24, 2012 the conduct of Defendant NEW YORK CITY POLICE SERGEANT DAMON MARTIN, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff (deceased) JONATHAN THOMAS with the commission of a felonious criminal offense, without basis in law or fact.

21. As a consequence of the actions of Defendant NEW YORK CITY POLICE SERGEANT DAMON MARTIN Plaintiff (deceased) JONATHAN THOMAS was subjected to lengthened period of detention while the merits of the Defendant's criminal allegations against Plaintiff (deceased) JONATHAN THOMAS were determined by members of the Kings County District Attorney's Office, causing Plaintiff (deceased) JONATHAN THOMAS to suffer fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff (deceased) JONATHAN THOMAS and Plaintiff JOY THOMAS.

## FOURTH FEDERAL CLAIM

**Violation of the Rights secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution-Malicious Prosecution and Due**

–8–

## Process Violations

22.  Plaintiff(s) incorporate by reference the allegations set forth in Paragraphs One (1) through Twenty One (21) as if fully set forth herein.

23.  That upon information and belief, on June 24, 2012 the conduct of Defendant NEW YORK CITY POLICE OFFICER ANDRE BLAKE, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff (deceased) JONATHAN THOMAS with the commission of a criminal offense without basis in law or fact.

24.  As a consequence of the actions of Defendant New York City Police Officer ANDRE BLAKE, Plaintiff (deceased) JONATHAN THOMAS was subjected to a lengthened period of detention while the merits of the Defendant's allegations against Plaintiff (deceased) JONATHAN THOMAS were determined by members of the Kings County District Attorney's Office, causing Plaintiff JOY THOMAS to suffer fear of repetition of such unlawful conduct by members of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JOY THOMAS.

## FIRST STATE LAW CLAIM

25.  Plaintiff(s) incorporate by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants NEW YORK CITY POLICE OFFICER ANDRE BLAKE and NEW YORK CITY POLICE OFFICER JOHN DOE, resulted in the false arrest, detention, photographs and searches of Plaintiff (deceased) JONATHAN THOMAS, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JOY THOMAS.

## SECOND STATE LAW CLAIM

27.  Plaintiffs incorporate by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE SERGEANT DAMON MARTIN  resulted in the false arrest, detention, photographs and searches of Plaintiff (deceased) JONATHAN THOMAS, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JOY THOMAS.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severally against all Defendants:

1. Compensatory Damages for Plaintiff(s).

2. Punitive Damages against Defendant New York City Police Officers ANDRE BLAKE, JOHN DOE and SERGERANT DAMON MARTIN.

3. Punitive Damages against Defendants, New York City Police Officers ANDRE BLAKE, JOHN DOE and SERGEANT DAMON MARTIN.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 22, 2015

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff(s)
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com

–11–